UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN THE MATTER OF<br><br>CENTREDALE MANOR SUPERFUND SITE<br><br>Verified Petition of<br><br>Emhart Industries, Inc.<br><br>To perpetuate the testimony of witnesses | **Civil Action No.: Misc. 03-114** |

**EMHART INDUSTRY, INC.'S REPLY**
**TO OBJECTION TO PETITION TO PERPETUATE TESTIMONY**

Petitioner Emhart Industries, Inc. ("Emhart"), by and through counsel, respectfully submits this reply to the objection of American Mineral Spirits and other parties (collectively, the "Rule 27 Petitioners") to Emhart's Petition for an order allowing it to depose and thereby perpetuate the testimony of certain additional witnesses who have knowledge regarding the subject matter of this proceeding.

Notwithstanding the fact that all but two of the Rule 27 Petitioners filed their own Rule 27 Petitioner in this matter and, accordingly, must have believed that they met the requirements of Rule 27, they now object to the perpetuation of testimony of the additional depositions sought by Emhart. A ruling in favor of the Rule 27 Petitioners would have two untenable results: (1) it would impose the burden of multiple depositions on the witnesses sought to be deposed, many of whom have already been interviewed and deposed at least once, and many of whom are elderly and not in good health; and/or (2) it would result in the loss of critical testimony through the incapacity of some of the witnesses. Either result would contravene Rule 27's mandate that a petition should be granted "to prevent a failure or delay of justice."

## Discussion

### A. Emhart Reasonably Expects to be a Party to an Action with One or More Parties.

Rule 27 Petitioners argue that, because Emhart had been optimistic about the chances of a settlement, Emhart has failed to demonstrate that it reasonably expects to be a party to a lawsuit. Rule 27 Petitioners cite to Emhart's statement that "Emhart expects that, in the absence of a global settlement, it will be engaged in subsequent litigation with certain of the Rule 27 Petitioners and others regarding payment of response costs" as evidence that Emhart cannot show that it expects to be a party to an action.

Rule 27 Petitioners' assertion that a lawsuit is unlikely contradicts their representations in their Rule 27 Petition. In their Petition, they stated that "Petitioners expect that in the absence of a settlement, EPA will initiate a cost recovery action under CERCLA against Petitioners and certain other PRPs identified by EPA as owner or operator PRPs to recover such costs." Rule 27 Petitioners' Petition to Perpetuate Testimony, ¶ 3 . They went on to assert that "Petitioners expect they, EPA and certain other PRPs identified by EPA as owner or operator PRPs will become adverse parties in a subsequent action to recover response costs." Id., ¶ 4.

Reversing field, Rule 27 Petitioners now argue that Emhart has failed to demonstrate the very same facts that they alleged to be true – that they and Emhart are likely to be parties in litigation concerning the Site. Rule 27 Petitioners' representations to this Court – found by the Court to provide adequate grounds for allowing a Rule 27 deposition – are indistinguishable from those of Emhart. Emhart states that "in the absence of a global settlement" it will be a party to an action. Rule 27 Petitioners stated that they "expect that in the absence of a settlement" they will be parties to such an action.

Rule 27 Petitioners also asserted in their Petition that the testimony they sought was

"particularly important if and when the PRPs elect to enter into a settlement on a voluntary basis without any admission of liability and allocate the cleanup costs among themselves." Rule 27 Petition, ¶13. Not only does this statement indicate that Rule 27 Petitioners themselves think that settlement is possible (a fact that they now attempt to use against Emhart); they also recognize that the testimony of the witnesses Emhart now seeks will be necessary regardless of whether litigation actually takes place.[1]

Finally, in a case cited by Rule 27 Petitioners in their original petition, the court recognized the uncertainty inherent in bringing a lawsuit involving CERCLA:

> Whether or not cost recovery lawsuits are invariably brought by state environmental agencies, and the length of time during which the threat of such a lawsuit may be expected to exist, are not issues material to the resolution of this application. Here, the Petitioners have reasonable cause to expect to be parties to an action brought under the relevant provisions of CERCLA, and believe reasonably that the testimony they seek to perpetuate would be necessary to prevent a failure of Justice in that anticipated action.

In re Town of Amenia, 200 F.R.D. 200, 202 (S.D.N.Y. 2001). Here, Emhart reasonably believes that it will eventually be a party to an action with one or more of the parties listed in its petition. And the fact that Rule 27 Petitioners object to the depositions suggests that the once cooperative relationship that may have existed between certain of the parties has deteriorated and litigation is all the more likely. In sum, the Court should reject Rule 27 Petitioners' hypocritical contentions.

**B. Emhart is Not Fishing for Evidence.**

Rule 27 Petitioners next assert that the Court should deny Emhart's Petition because Emhart is merely fishing for the evidence which it needs to bring an action against Rule 27

---

[1] Rule 27 Petitioners also object to Emhart's request that it be required to give eleven days notice of the proposed depositions, claiming that "[s]uch notice is insufficient." This objection borders on the disingenuous in light of the fact that, in their Petition, Rule 27 Petitioners asked that this Court order that only ten days notice be provided.

Petitioners and others. That is simply not true. As an initial matter, Emhart will be deposing these witnesses in its pending case regardless of whether the Court grants Emhart's petition. Denying Emhart's petition will not prevent Emhart from obtaining this discovery, it will mean only that these witnesses will have to be deposed yet again once further litigation commences (or that their testimony will be lost if one or more of the witnesses is incapacitated).

Moreover, the testimony of these witnesses will be of no surprise to anyone. All of these witnesses have already been interviewed and/or deposed. Thus, Emhart and many of the other parties already know the nature of their testimony, and Emhart already has more than enough evidence against the Rule 27 Petitioners as a basis for commencing litigation if and when necessary. Emhart does not need to "fish" for information already in its possession. It needs to depose these individuals to preserve their testimony.[2]

### C. <u>Emhart Has Made a Particularized Showing of the Necessity of the Testimony.</u>

In their Petition, Rule 27 Petitioners asserted that they should be entitled to take a Rule 27 deposition because "[n]ot surprisingly with the passage of 40-50 years in the majority of cases, interviews with former employees of Metro-Atlantic and NECC during this time period have revealed that many are elderly and in failing health." Rule 27 Petition, ¶ 11.

Emhart relies on the very same rationale in its petition: that a number of the witnesses in this matter have passed away, many of the potential witnesses are quite advanced in years, and some are also in poor health. Rule 27 Petitioners should not now be permitted to object to the

---

[2] Even if, *arguendo*, Emhart were seeking through the requested depositions to ascertain the identity of other parties connected with the alleged contamination at the Site, such an objective is entirely proper under the very caselaw cited by Rule 27 Petitioners in their original petition. <u>See</u> <u>Town of Amenia</u>, 200 F.R.D. 200, 202 (S.D.N.Y.) (granting petition where "the identity of other potentially responsible parties and the time and nature of their use of the landfill will be highly significant evidence.")

very same rationale which they themselves asserted in support of their request to perpetuate testimony.

**Conclusion**

For the reasons stated above and in its Petition, Emhart respectfully requests that the Court grant the Petition and enter an Order authorizing Emhart to depose the witnesses listed therein for the purpose of perpetuating their testimony.

Respectfully submitted,

EMHART INDUSTRIES, INC.
By Its Attorneys,

/s/ Craig M. Scott
Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Of Counsel:

Warren Anthony Fitch, Esq.
Bingham McCutchen, LLP
2020 K Street, NW
Washington, DC 20006
(202) 424-7500
(202) 295-8478 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2006, I electronically filed the foregoing ***Emhart Industry, Inc.'s Reply to Objection to Petition to Perpetuate Testimony*** with the Clerk of the Court for the United States District Court for the District of Rhode Island using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.:

David B. Graham;
R. Howard Grubbs; and
James W. Ryan

and by mailing a copy to the following via First Class Mail, postage prepaid on October 3, 2006:

ADP Marshall, Inc.
c/o Fluor NE, Inc.
Corporation Service Company
222 Jefferson Boulevard, Suite 200
Warwick, RI 02888

A. Harrison & Co.
c/o H. Allen Harrison
35 Hurdis Street
North Providence, RI 02904

American Hoechst Corp. n/k/a/ CNA Holdings, Inc.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

American Mineral Spirits Company n/k/a Unocal (wholly-owned subsidiary of Chevron Corporation)
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Bercen Chemical
David B. Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188
dbgraham@kaufcan.com
P: (757) 259-3800
F: (757) 259-3838
dbgraham@kaufcan.com

Bernard V. Buonanno, Sr.
c/o Deming E. Sherman, Esq.
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Estate of Joseph Buonanno
c/o Deming E. Sherman, Esq.
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Brook Village Associates Limited Partnership
Howard J. Castleman
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
P: (617) 523-2700
F: (617) 523-6850
howard.castleman@hklaw.com

Brown & Sharpe Manufacturing Co. n/k/a Hexagon Metrology, Inc.
Precision Park
200 Frenchtown Rd.
North Kingston, RI 02852

C. Pezza & Son, Inc.
Sean O. Coffey
Burns & Levinson LLP
One Citizens Plaza
Suite 1100
Providence, RI 02903
P: (401) 831-8173
F: (401) 831-8359
scoffey@burnslev.com
Also:

Leonard A. Pezza
Pezza Equipment Corp.
11 Winsor Avenue
Johnston, RI 02919-1119

Cal Chemical Corp.
Charles A. Lamendola
592 Arnold Rd.
Coventry, RI 02816
P: (401) 821-0320
F: (401) 823-5001

Cardinal Chemical n/k/a Eastern Resins Corp.
c/o Steven I. Rosenbaum, Esq.
30 Exchange Terrace
Providence, RI 02903

Centerdale Manor Associates
Laurie Burt
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
P: (617) 832-1000
F: (617) 832-7000
lburt@foleyhoag.com

Ciba Specialty Chemicals Corporation n/k/a Novartis Pharmaceuticals Corp.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

CNA Holdings, Inc.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

CNC Chemical Corp.
c/o Bruce Monger, President
20 Privilege Street
Woonsocket, RI 02895

Conoco-Phillips, Inc.
David B. Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188
dbgraham@kaufcan.com
P: (757) 259-3800
F: (757) 259-3838
dbgraham@kaufcan.com

Cranston Print Works Co.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Duro Finishing
n/k/a Duro Industries, Inc.
110 Chase Street
Fall River, MA 02724

Eastern Color & Chemical Company
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Eastern Smelting & Refining Co. n/k/a Refinity Corp.
Mark Kalpin, Esq.
Hale and Dorr
60 State Street
Boston, MA 02109
P: (617) 526-6176
F: (617) 526-5000
mark.kalpin@haledorr.com

Efros Barrel Company
18 Imperial Place, Suite 3G
Providence, RI 02903

Eli Lilly & Company, Inc.
Jerome I. Maynard, Esq.
Dykema Gossett
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Phone: 312.876.1700
Fax: 312.876.1155
jmaynard@dykema.com
(by overnight delivery, with Rule 27 Petition and Objection also enclosed)

G.M. Gannon Co., Inc. n/k/a Bright Star Corp.
c/o Robert H. Breslin, Jr.
222 Jefferson Blvd., Ste 300
Warwick, RI 02888

George Mann & Co. n/k/a GM Holdings, Inc.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

George Mann & Co. n/k/a Univar USA, Inc.
Leslie R. Schenck, Esq.
Garvey Schubert Barer
18th Floor
Second & Seneca Building
1191 Second Avenue
Seattle, WA 98101-2939

Mill at Allendale Condominium Association
c/o Frank A. Lombardi, Esq.
395 Smith Street
Providence, RI 02908
P: (401) 455-0420
F: (401) 521-7974

New England Container Company, Inc.
Kirsten Etela, Esq.
Robinson & Cole LLP
Financial Center
695 East Main Street
Stamford, CT 06904

Organic Dyestuffs Corp. (f/k/a Organic Chemical)
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Original Bradford Soap Works, Inc. n/k/a Bradford Soap Works, Inc.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Sterling Winthrop n/k/a Sanofi-Synthelabo, Inc.
Richard F. Ricci, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
P: (973) 597-2462
F: (973) 597-2463
rricci@lowenstein.com

T.H. Baylis Company n/k/a THBC, Inc.
Scott Junkin, Esq.
234 Church Street, 9th Floor
New Haven, CT 06510-1819
P: (203) 777-8008
F: (203) 777-6304
sjunkin@reidandriege.com

Teknor Apex Company
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

United States Environmental Protection Agency, Region I
Office of the Regional Counsel
C/o Eve Vaudo, Esq.
One Congress Street
Boston, MA 02114-2023
(617) 918-1089
vaudo.eve@epa.gov

U.S. Oil
c/o Northeast Products Co.
Pasco Gasbarro, Jr.
1500 Fleet Center
Providence, RI 02903

Union Oil Company of California
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

Warwick Chemical Company n/k/a Sequa Corp.
Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
gbenik@nixonpeabody.com

James Aukerman, Esq.
James V. Aukerman & Associates, LLC
60 South County Commons Way
Wakefield, RI 02979
Phone: (401) 788-9080
Fax: (401) 788-9084
aukermanlaw@msn.com

Richard A. Sherman, Esq.
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
Counsel for American Mineral Spirits, Co., CNA Holdings, Inc., Ciba Specialty Chemicals, Inc., Cranston Print Works Company, Sequa Corp., Teknor Apex Company, Original Bradford Soap Works, Inc.

R. Howard Grubbs
Womble, Carlyle, Sandridge & Rice, PLCC
104 South Main St.
Suite 700
Greenville, SC 29601-0208
Counsel for Ciba Specialty Chemicals, Inc.

Daniel S. Crocker
Brooks/Eckerd Pharmacy
50 Service Avenue
Warwick, RI 02886
Counsel for New England Container Corp

James W. Ryan
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
Counsel for New England Container Corp

John F.X. Peloso, Jr.
Robinson & Cole, LLP
695 East Main Street
Stamford, CT 06904-2305
Counsel for New England Container Corp.

David B. Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188
dbgraham@kaufcan.com
P: (757) 259-3800
F: (757) 259-3838
dbgraham@kaufcan.com
Counsel for American Mineral Spirits, Co., CNA Holdings, Inc., Ciba Specialty Chemicals, Inc., Cranston Print Works Company, Sequa Corp., Teknor Apex Company, Original Bradford Soap Works, Inc.

Dytex Chemicals
Charles S. Grossman
1280 High St.
Central Falls, RI 02863

Kraus Chemical Company
156 Valley Street
East Providence, RI 02914
Registered Agent:
Carol E. Najarian
1140 Reservoir Avenue
Cranston, RI 02920
President:
Martin A. Kraus
120 Dellwood Road
Cranston, RI 02920

Lubrx Products, Inc.
Registered Agent:
Dolores A. Audet
8 Darby Dr.
Mansfield, MA 02048

Malden Mills Industries, Inc.
Kathleen Potter, Esq.
46 Stafford Street
Lawrence, MA 01841
Phone: (978) 659-5408
Facsimile: (978) 557-3244

Plymouth Rubber Company, LLC
Christopher P. Davis
Goodwin Procter
53 State Street
Exchange Plaza
Boston, MA 02109
P: (617) 570-1354
F: (617) 523-1231
cdavis@goodwinprocter.com
Registered Agent:
Maurice Hamilburg
104 Revere St.
Canton, MA 02021

Rhode Island Chemical Corporation
Registered Agent:
Thomas C. Plunkett
91 Friendship Street
Providence, RI 02903

Synthron, Inc. f/k/a Synthron Chemicals, Inc.
United States Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808
(302)636-5400
Also:
305 Amherst Road
Morganton, NC 28655

Tanner Industries, Inc.
Registered Agent:
CT Corporation System
10 Weybosset St.
Providence, RI 02903

Allendale Mill Associates, Limited Partnership
Registered Agent:
Charles F. Rogers, Jr., Esq.
2800 Financial Plaza
Providence, RI 02903

ANPC Associates Limited Partnership
Registered Agent:
Prentice-Hall Corp. System
222 Jefferson Blvd., Suite 200
Warwick, RI 02888

Universal Chemicals
Registered Agent:
Jerry Kaplan
164 Eileen Drive
Cedar Grove, NJ 07009

/s/ Craig M. Scott