UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In the matter of :
:
CENTREDALE MANOR : MC No. 03-114L
SUPERFUND SITE :
:

**MEMORANDUM AND ORDER**

Before this Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is the Verified Petition of Emhart Industries, Inc. ("Emhart") to Perpetuate Testimony pursuant to Fed. R. Civ. P. 27(a). (Document No. 20). A hearing was held on October 25, 2006. Several interested parties, through counsel, appeared at the hearing in opposition to the Petition.

**Background**

This miscellaneous action was commenced in 2003 by several entities [1] identified by the U.S. Environmental Protection Agency ("EPA") as potentially responsible parties ("PRPs") under CERCLA[2] for environmental contamination at the Centredale Manor Superfund Site (the "Site") located in North Providence. The 2003 Petition related to the testimony of a single witness who was reportedly suffering from the "on-set of dementia" and a concern that the witness' testimony regarding the Site "may be lost forever unless perpetuated." (Document No. 1 at ¶¶ 14-15). It does not appear from the record that there was any dispute as to the existence of the witness' medical

---

[1] The "2003 Petitioners" were American Mineral Spirits Co., CNA Holdings, Inc., Ciba Speciality Chemicals, Inc., Cranston Print Works Co., Sequa Corp., Teknor Apex Co., and The Original Bradford Soap Works, Inc.

[2] CERCLA is the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq.

problem. On December 31, 2003, Magistrate Judge Lovegreen granted the Petition as to this single witness.

This miscellaneous action was dormant for over thirty months until the instant Petition was filed on September 14, 2006 by Emhart. (Document No. 20). Emhart is one of a number of entities identified by the EPA as a PRP for clean-up costs at the Site. On September 28, 2006, the 2003 Petitioners, as well as four other PRPs, filed an objection to Emhart's Petition. (Document No. 21). Two other PRPs, Brook Village Associates Limited Partnership and Centerdale Manor Associates, appeared by counsel at the hearing and argued in opposition to Emhart's Petition. Emhart represents that, in the absence of a global settlement, it will be engaged in future litigation with PRPs and potentially others regarding payment of clean-up costs at the Site. Emhart's Petition seeks leave to depose nine individuals pursuant to Fed. R. Civ. P. 27(a) for the purpose of perpetuating their testimony for such future litigation.

**Discussion**

A request to perpetuate testimony prior to the commencement of suit is governed by Fed. R. Civ. P. 27(a). "A court may grant a petition pursuant to Rule 27 if the Court is satisfied that the Petitioner has adequately established: (1) that an action over which federal subject matter jurisdiction exists will be filed in the impending future, (2) the substance of the testimony sought to be obtained, and (3) the existence of a risk that testimony relating thereto will be lost if not preserved before the complaint can be filed." MacCormack v. TBD, No. 00-MC-210-JWL, 2000 WL 1449844 at *1 (D. Kan. Aug. 22, 2000) (citing Calderon v. U.S. Dist. Court, N.D. Cal., 144 F3d 618, 621-22 (9th Cir. 1998)). "A rule 27 deposition is not to be used as a substitute for pretrial discovery, and does not license a prospective plaintiff to engage in a 'wholesale fishing expedition.'"

19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 347 (E.D. Pa. 2000) (quoting In re Petition of Banks, No. 93 C 6914, 1993 WL 502379 at *1 (N.D. Ill. Dec. 6, 1993)). "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Ash v. Cort, 512 F.2d 909, 911 (3rd Cir. 1975). (emphasis added).

Emhart has not demonstrated an immediate need to perpetuate testimony as to any of the nine proposed deponents. Thus, this Court has no basis on which to conclude that the proposed Rule 27 depositions are required to "prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Emhart argues that relief under Rule 27 is warranted "given the age and infirmity of some of the witnesses," (Document No. 20 at p. 3), and in its Reply notes that many of the witnesses are "elderly and not in good health." (Document No. 31 at p. 1). Although Emhart has provided the name, address and expected testimony of the proposed deponents, Emhart has not provided any specific information whatsoever to the Court in either its Verified Petition or Reply Memorandum regarding the particular age or health of any of these individuals. The Court noted at the October 25, 2006 hearing that it appeared from the Court's docket that six out of the nine proposed deponents were available and able to testify just last month in this District Court in a jury trial in Emhart Indus. v. Home Ins., et al., C.A. No. 02-53S. Emhart did not dispute this fact.

Emhart relies heavily on In re Town of Amenia, N.Y., 200 F.R.D. 200 (S.D.N.Y. 2001), in support of its Petition. However, in that case, the Court granted relief under Rule 27 because it was established that the proposed deponent was seventy-seven years old, and "in ill health, having suffered several heart attacks." Id. at 202. (emphasis added). Emhart has presented no such evidence in this case or, for that matter, any evidence at all regarding the age or health of the nine proposed deponents. Thus, Emhart's Petition must be denied for failure to satisfy Rule 27. See

Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (failure to offer evidence regarding witness' age or health precluded a finding under Rule 27 of an immediate need to perpetuate testimony); see also Ash v. Cort, 512 F.2d at 913 ("Although age may be a relevant factor in showing that testimony must be perpetuated to avoid loss, we simply cannot agree that these conclusory remarks in any way show that evidence is likely to be lost...."), and Gale East, Inc. v. C.I.R., T.C. Memo. 1985-80, 1985 WL 14716 (U.S. Tax Ct. 1985) (petitioner seeking to perpetuate testimony must provide "verification" that the witness will be unavailable at trial due to "advanced age" or "serious illness").

**Conclusion**

For the foregoing reasons, Emhart's Verified Petition to Perpetuate Testimony pursuant to Fed. R. Civ. P. 27(a) (Document No. 20) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 26, 2006